UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORMAN J. LANDRY, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 23-cv-267-WES-PAS |
| | : | |
| BALCK LIVES MATTER (RI) | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

*Pro se* Plaintiff, Norman J. Landry, Jr., has filed a civil action against Defendant Black Lives Matter (RI), an entity located in Pawtucket, Rhode Island, alleging that it "partners" with "Big Tech, Law enforcement, and criminal street gangs," and together they "[d]id and [d]o actively stalk threaten, intimidate and harass plaintif [sic] with the intent to murder his person." ECF No. 1 at 4. Plaintiff seeks $500 million in "punitive damages for emotional anguish." Id. He accompanied his complaint with an application to proceed *in forma pauperis* ("IFP"), which has been referred to me. ECF No. 2. While Plaintiff may qualify for IFP status (which I cannot determine because he did not complete the IFP application), this referral requires me to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2) and to recommend dismissal if it fails to state a claim. Rondeau v. State of New Hampshire, 201 F.3d 428, 1999 WL 1338348, at *1 (1st Cir. Feb. 29, 1999) (per curiam) (table decision).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2) is identical to the standard used when ruling on a Fed. R. Civ. P. 12(b)(6) motion. Chase v. Chafee, No. CA 11-586ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011), adopted, 2011 WL 6826629 (D.R.I. Dec. 28, 2011). That is, "[t]o state a claim on which relief may be

granted, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (cleaned up).  In making this determination, the Court must accept a plaintiff's well-pled factual allegations as true and construe them in the light most favorable to him.  Id.  Although the Court must review pleadings of a *pro se* plaintiff liberally, Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000), the Court need not credit bald assertions or unverifiable conclusions, Chase, 2011 WL 6826504, at *2.  Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (cleaned up).

 Plaintiff's pleading makes only the conclusory allegation that Defendant, acting in concert with vaguely referenced "partners," has stalked, threatened, intimidated and harassed Plaintiff with intent to murder resulting in emotional anguish.  ECF No. 1.  While this allegation seems to be very serious and it is conceivable that it might be based on sufficient factual matter that, if accepted as true, would state a claim to relief that is plausible on its face, as written, this complaint is utterly devoid of such "well-pled[] factual allegations."  Iqbal, 556 U.S. at 679.  Accordingly, I recommend that it be dismissed at screening for failing to state a plausible claim.  However, in light of his *pro se* status, I also recommend that Plaintiff be afforded thirty days to file an amended pleading with facts sufficient to state a plausible claim if he is able to do so.[1]  If Plaintiff fails to file an amended pleading or if the amended pleading still fails to state a claim, I will recommend that this case be dismissed with prejudice.  If the amended pleading states a claim over which this Court lacks subject matter jurisdiction, I will recommend that it be

---

[1] In crafting an amended pleading, Plaintiff is cautioned that his claim must be one over which this Court has subject matter jurisdiction, either because it is based on a federal question, 28 U.S.C. § 1331, or because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

dismissed without prejudice. I also order that Plaintiff must refile his IFP application, with the balance filled in, so that the Court can determine whether his IFP motion may be granted.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
July 25, 2023